GUIDRY, Justice,
dissents with reasons.
hi respectfully dissent from the majority opinion. Under the manifest error standard of review, the appellate court is not to substitute its opinion for that of the jury. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous. S.J. v. Lafayette Parish School Bd., 09-2195, p. 12 (La.7/6/10), 41 So.3d 1119, 1127. The credibility determinations of the trier of fact are subject to the strictest deference under the manifest error — clearly wrong standard. Id. at 4, 41 So.3d at 1128.
In this case, the jury’s findings were based on credibility determinations and supported by permissible views of the evidence. Although Dr. Ziegler’s credibility was at issue, his testimony that he would have delivered the baby on the night of November 3, 1999, if he had been given the relevant test results, was not contradicted. The jury considered all of the evidence presented and decided that More-house had fallen below the applicable standard of care in several respects, that the hospital’s failings caused or contributed to the plaintiffs’ injuries, and that Dr. ^Ziegler’s negligence was not a superced-ing cause of those injuries.
Under the manifest error standard of review, the jury’s determinations in this case are not clearly wrong. Accordingly, the court of appeal decision should be reversed and the jury verdict reinstated.